UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Greggory Lawhorn, *et al* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     20-4051<br>) |
| Christine Brannon, *et al.* | )<br>) |
| Defendants. | )<br>)<br>) |

## **Merit Review Order**

Plaintiffs Greggory Lawhorn and Anthony Phillippe, proceeding *pro se*, and currently incarcerated at Hill and Pontiac Correctional Centers, respectively, were granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiffs' claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiffs allege that prison officials found them guilty of violating the prison rule that prohibits gangs following Plaintiffs' formation of a prison group called "Hatchet Riderz," which they claim is not a gang. Plaintiffs allege that prison officials revoked good-time credits as punishment for this activity.

Plaintiffs' allegations, if true, would necessarily imply the invalidity of the factual findings made at the disciplinary hearings. Plaintiffs cannot challenge proceedings that resulted in the loss of good-time credits unless and until the proceedings have been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In other words, "a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under [the federal habeas statute]." *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). Plaintiffs' claims will be dismissed.

**It is therefore ordered:**

1. **Plaintiffs' complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions not addressed below are denied as moot.**

2. **The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3. **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4. **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 7th day of April, 2020.

s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE